ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
ABB Enterprise Software, Inc., f/k/a Ventyx ) ASBCA No. 60314
)
Under Contract No. N00174-05-C-0038 )

APPEARANCE FOR THE APPELLANT: Jeanne A. Anderson, Esq.
   Washington, DC

APPEARANCES FOR THE GOVERNMENT: Ronald J. Borro, Esq.
   Navy Chief Trial Attorney
   Henry Karp, Esq.
   Senior Trial Attorney

DECISION BY ADMINISTRATIVE JUDGE KINNER
ON THE GOVERNMENT'S MOTION TO AMEND ANSWER

The government moves to amend its previously filed answer to include an affirmative defense of equitable estoppel. The motion was filed 7 October 2016. Appellant filed its opposition 17 October and the government replied 20 October. Appellant argues that the Navy's delay in bringing this motion is unjustified. Appellant believes it would be prejudiced because adding the theory of equitable estoppel to the case would necessitate new discovery when the parties have already completed substantial written discovery.

For the reasons stated below we grant the government's motion but provide appellant the opportunity to establish the schedule for completion of discovery.

*Background*

ABB Enterprise Software, Inc., f/k/a Ventyx (ABB) appeals the denial of its claim that the Navy breached the parties' Master Software License Agreement for Navy use of purchased software (compl. ¶¶ 3, 10-11, 13). ABB filed its complaint 6 November 2015. The Navy filed its answer to the complaint 7 December 2015. The answer asserted three affirmative defenses (answer at 24, ¶¶ 1-3). First, the Navy alleged that the Board does not possess jurisdiction to consider the appeal. Second, the Navy asserted that its project manager who signed the license agreement and an assignment agreement with appellant does not possess authority to bind the Navy to those agreements. Third, the Navy argues appellant's claim was not filed within the Contract Disputes Act (CDA) statute of limitations, 41 U.S.C. § 7103(a)(4)(A).

To pursue its first affirmative defense the Navy filed a motion to dismiss 29 January 2016. In its motion, the Navy argued that ABB's claim is not cognizable under the CDA because it did not arise under a contract (gov't mot. to dismiss at 9-10). ABB's claim is based upon an allegation that the Navy breached the parties' Master Software License Agreement, but that agreement is not referenced or incorporated into the contract through which the Navy purchased the software and licenses. The Board rejected the Navy's analysis in a 29 June 2016 decision that confirmed that we possess jurisdiction to entertain this appeal. The Board concluded that the software license agreement that provides terms for the Navy's use of ABB software sufficiently relates to the parties' contract for purchase of that software and the licenses to make it subject to the CDA, 41 U.S.C. §§ 7101-7109, and Board jurisdiction.

About three months after the Board's decision the government filed its motion to amend its December 2015 answer. According to the government, its motion should be granted because discovery is not complete and it will cause no prejudice to the appellant (gov't mot. at 1). It argues that there is no evidence that the motion is filed in bad faith (*id.*). The Navy also asserts that adequate grounds exist to support an affirmative defense of equitable estoppel based on its history of procuring software from ABB. ABB's corporate predecessor, Tech-Assist, Inc., sold its proprietary software for installation on Navy ships and at Navy installations from 1995-2008 (gov't mot. at 3). Tech-Assist was acquired by Ventyx, Inc., in 2008 and became appellant, ABB, in 2015 (compl. ¶ 5). Before Tech-Assist was owned by Ventyx, in 2005 it executed a Master Software License Agreement with the Navy that supplied the terms and conditions for government use of the software at a specific number of locations on a specific number of servers (compl. ¶¶ 31-32; gov't mot. at 2). In 2011, while acting as Ventyx, appellant investigated the number of software installations and informed the Navy that its use of the software on two servers on aircraft carriers while paying for only one installation is not authorized by the Master Software License Agreement (compl. ¶ 49; gov't mot. at 3). The Navy responded to appellant in a 2012 letter that it had been the company's prior practice to assign a single license number to a carrier even when the software was installed on two servers on that ship (compl. ¶ 53; R4, tab 10).

The Navy now asserts that it should be allowed to amend the answer it filed to appellant's complaint nearly a year ago to add equitable estoppel as a fourth affirmative defense. Appellant opposes for several reasons. Noting first that the case has been pending before the Board for 11 months, ABB claims it first learned of the government's equitable estoppel defense around 20 September, shortly after the Board's decision on the government's motion to dismiss described above (app. opp'n at 3). That was only two days before commencing an alternative dispute resolution (ADR) mediation which the parties had agreed to pursue following the Board's decision on jurisdiction (*id.*). The mediation was unsuccessful. Appellant does not indicate whether the government's proposed affirmative defense of equitable estoppel was discussed further during the mediation, however, the government notes that its pre-mediation statement contained a full discussion of the issue (gov't reply at 2 n.1).

2

In addition to the late notice just prior to the mediation, the Navy failed to inform appellant of its additional affirmative defense even when specifically asked in discovery requests. While the government's motion to dismiss was briefed and decided the parties voluntarily commenced written discovery (app. opp'n at 3). ABB twice served interrogatories that sought information regarding defenses the government would assert in response to the complaint (app. opp'n at 3-4). On 15 January 2016 ABB requested:

> 6. Identify all defenses, and all facts and documents
> supporting them that you have asserted or intend to assert
> in this appeal.

(*Id.*) And on 12 April 2016 ABB requested:

> 3. Identify in detail all defenses asserted by the Navy to
> Appellant's claim in this matter, and all facts and documents
> supporting them, including the defenses identified in the
> Navy's motion to dismiss concerning its challenge to the
> "validity" of the Master Software License Agreement....

(*Id.*) The Navy failed to identify the affirmative defense of equitable estoppel in its response to either interrogatory. Rather, the Navy's responses only generally refer ABB to the Rule 4 file, its motion and the contracting officer's decision.

Appellant also attacks the merits of the newly offered affirmative defense. Contrary to the government's characterization, ABB claims that it responded to every Navy assertion that a single license could cover multiple software installations on one ship and that any instances before 2011 in which the company appeared silent were due to its lack of knowledge that the Navy was violating the license agreement. ABB argues that it was not aware of the government's misuse of shipboard licenses until the compliance audit performed by the company in August 2011. (App. opp'n at 6)

## DECISION

In accordance with Board Rule 6(d), the Board may permit either party to amend its pleading upon conditions fair to both parties. Further guidance is found in Rule 15(a) of the Federal Rules of Civil Procedure which directs that leave to amend shall be freely given when justice so requires. The rule mandates that amendments are liberally permitted because a party should be given the opportunity to test its claim or defense on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Appellant however argues that granting leave for the addition of respondent's fourth affirmative defense is not appropriate, first because of the undue delay by the government in bringing its motion. Contrary to appellant's characterization, the

3

government's motion does not reflect undue delay. While the government's motion is out of time under FED. R. CIV. P. 15(a), the 305 days between the government filing its answer on 7 December 2015 and filing its motion to amend on 7 October 2016 is not unreasonable. Before the government's motion to amend the answer was filed substantial time was devoted to resolution of the government's motion to dismiss (153 days) and the parties' unsuccessful attempt to achieve an alternative dispute resolution (37 days). Briefing and Board consideration of the government's jurisdiction motion has not delayed other litigation tasks because no scheduling order has been entered and the parties have advanced development of the case by exchanging two sets of interrogatories by appellant and a set by respondent. Thus, the government's delay in filing its motion to amend the answer has not caused significant delay in this litigation and provides no reason to deny the government's motion.

Appellant further objects that it suffers not just the delay but an inevitable expansion of the scope of discovery (app. opp'n at 5). This expansion can be seen in the fact it has not pursued discovery on the elements of equitable estoppel, including intentionally misleading conduct, detrimental reliance and material prejudice. This criticism merely identifies additional discovery it may require concerning equitable estoppel. Such discovery would not duplicate appellant's prior requests nor unnecessarily delay the case. The parties' have not finished discovery and introduction of an affirmative defense at this stage will not hinder their ability to pursue further written discovery or subsequent depositions. Expanding the scope of discovery to accommodate the issue of equitable estoppel does not place a significant burden on appellant when depositions have not commenced and there is no deadline set for close of discovery.

The government's motion to amend its answer filed after resolution of motion practice and ADR, while the parties are conducting voluntary discovery and before a schedule has been set is timely. *Range Tech. Corp.*, ASBCA No. 51943, 03-2 BCA ¶ 32,290 (Board found no merit in appellant's allegations of undue delay in the government's motion to amend when discovery was ongoing even when filed approximately 18 months after its original answer). Even if the government's delay was lengthier it would not be cause to deny the present motion. *Space Age Eng'g, Inc.*, ASBCA No. 25761 *et al.*, 83-2 BCA ¶ 16,789 at 83,441 ("We thus conclude that regardless of the length of delay that factor alone is an insufficient reason to prohibit the amendment of the Government's answer. Only when the appellant would be unduly prejudiced should an amendment to the answer be precluded.").

Appellant believes it will suffer undue prejudice as well due to increased costs in discovery (app. opp'n at 4-5). Specifically, ABB fears if an additional affirmative defense by the government is allowed there may be duplication of discovery already completed (*id.*). As mentioned above, there is no basis for discovery related to the government's proposed affirmative defense to duplicate that obtained by ABB in its prior two sets of interrogatories. ABB confirms in its opposition that it has not conducted discovery regarding the elements of equitable estoppel (*id.* at 5). ABB is unable to identify any potential prejudice other than

4

additional cost of discovery. The potential discovery costs described by ABB are not extraordinary. Such costs are inherent to litigation and nothing raised by the government's proffered affirmative defense presents a particular burden for development of appellant's case. Moreover, an equitable estoppel argument by the government cannot be a surprise. The Navy asserted in its original response to Ventyx's demand for additional payment that it was misled by the company's prior licensing practice for installations of ABB software on carriers (e.g., R4, tab 10 SPAWAR ltr. to Ventyx dtd. 9 April 2012). Thus, the factual allegations underlying the government's equitable estoppel argument have been detailed in the parties' correspondence preceding appellant's claim and reiterated in the 14 August 2015 contracting officer final decision (R4, tab 20 at 171). Appellant is unable to demonstrate undue prejudice that would be caused by the proposed amendment to the government's answer. *Laguna Constr. Co.*, ASBCA No. 58324, 13 BCA ¶ 35,464 at 173,912 (appellant could not show any undue prejudice when appellant could not legitimately claim "surprise" by the government's amendment); *Kaman Precision Products, Inc.*, ASBCA Nos. 56305, 56313, 10-2 BCA ¶ 34,529 at 170,288 ("The motion to amend came less than seven months after the original answer was filed. More importantly, nothing in the proposed changes should come as a surprise to appellant.").

The addition of an affirmative defense at this early stage of the litigation places no burden, much less prejudice on appellant. In the absence of undue or unexplained delay and substantial or undue prejudice, denial of the motion to amend must be grounded in bad faith or dilatory motives, repeated failure to cure deficiency by amendments previously allowed or futility of amendment. *Space Age Eng'g*, 83-2 BCA ¶ 16,789 at 83,440 (citing 3 MOORE'S FEDERAL PRACTICE, ¶ 15.08[4] at 15-91 to 100). The government's motion does not address a recurring deficiency and the government's amended pleading provides sufficient notice of the government's affirmative defense consistent with Board Rule 6(b). The government's original answer also alleged that each carrier should be one installation (answer ¶ 75). We cannot say the proposed defense so lacks merit that it would be futile.

The remaining question is whether the government's motion was filed in bad faith or with dilatory motive. The only possible suggestion of bad faith is raised by the government's evasive response to appellant's interrogatories described above.[*] The government was aware of the equitable estoppel affirmative defense when specifically asked to reveal its defenses. Yet respondent failed to identify equitable estoppel in

---

[*] The government's responses to appellant's discovery requests for a specific description of defenses to be asserted were likely insufficient. Federal courts strictly construe FED. R. CIV. P. 33 to require a responding party to specifically direct the requesting party to the documents which contain the answer to the interrogatory. *See AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 452 (2007), and collected district court decisions. The government's broad reference to prior filings and the Rule 4 file may not meet its duty of specificity in answering appellant's interrogatories.

5

response to ABB's interrogatories even when the requests specifically requested the defenses the Navy would assert. It appears the failure to fully respond to those requests was due to carelessness rather than purposeful evasion of appellant's requests. Even so, if appellant was dissatisfied with the government's responses it possessed the means to obtain more complete information pursuant to FED. R. CIV. P. 37(a)(3)(B). *Thai Hai*, ASBCA No. 53375, 02-2 BCA ¶ 31,971 (the Federal Rules of Civil Procedure do not apply to the Board but can be used for guidance in areas our rules do not specifically address); *Ingalls Shipbuilding Div., Litton Sys., Inc.*, ASBCA No. 17717, 73-2 BCA ¶ 10,205 (Board relies on Federal case law under the Federal Rules to guide discovery matters). ABB also may now pursue full discovery of the government's affirmative defense. *Grumman Aerospace Corp.*, ASBCA No. 46834 *et al.*, 00-2 BCA ¶ 30,995 (Board not persuaded that appellant's discovery responses—albeit unsatisfactory—rise to the level of misleading, deceptive and prejudicial concealment when government had opportunity for clarification in follow-up written discovery and depositions). As a result, the government's inadequate discovery responses provide no support for an allegation of bad faith to deny the current motion.

There is no pretrial order pending for completion of discovery. Based upon appellant's expressed concern with delay and addition of the government's affirmative defense it may have the opportunity to set the time available for further written discovery, if desired, and for depositions. Appellant should file its proposed discovery schedule no later than 16 December 2016.

We believe this approach is fair to both parties, as required by Board Rule 6.

Dated: 5 December 2016

DONALD E. KINNER
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60314, Appeal of ABB Enterprise Software, Inc., f/k/a Ventyx, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
